IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. ANAUDI HERNÁNDEZ-PÉREZ, <u>ET AL.</u> **Defendants.** | CRIMINAL NO. 15-739 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is Marielis Falcón-Nieves' "Motion to Clarify and for Reconsideration" (Docket No. 268) of the Opinion and Order entered on April 21, 2016 (Docket No. 262), denying the request for severance presented by Falcón-Nieves and other codefendants (Docket Nos. 166 and 234). The government opposed Falcón-Nieves' motion (Docket No. 294) and she replied (Docket No. 321). For the reasons below, the motion is DENIED.

## I. BACKGROUND

Falcón-Nieves alleges that, in ruling on her request for severance, the court must have confused her with her sister, codefendant Ivonne Falcón Nieves, because, unlike her sister, she is not an agent of the Aqueduct and Sewers Authority of Puerto Rico ("AAA") and she was not a co-conspirator in any of the three schemes mentioned in the Indictment. She claims that, because she "is only charged, along with her sister Ivonne Falcón, with committing extortion through fear of economic harm over Contractor A," who performed legitimate services for the AAA, the evidence to be presented regarding codefendants would be irrelevant regarding her case, would confuse the jury, and create great prejudice against her, depriving her of a fair trial (Docket No. 268 at §§ 4-6 and Docket No. 321 at pp. 2-3).

The government counters that it is clear from the Opinion and Order that the court was well aware that there were two defendants with the same last name Falcón-Nieves and the court did not confuse them (Docket No. 294 at p. 4). Additionally, it alleges that, contrary to Falcón-Nieves' assertion that "the charge against her was not part of an over-arching conspiracy to appropriate government funds illegally through bribes and misappropriation of government funds in . . . government agencies . . . for purposes of self-enrichment," the Indictment specifically states that Falcón-Nieves "knowingly obstructed, delayed and affected commerce . . . by extortion, by utilizing her sister's position of power to obtain property not due to her . . . in violation of 18 U.S.C. §§ 2 and 1951," and even where a defendant is not charged as a conspirator, joinder is appropriate where, as here, the defendant's offenses are part of the pattern of the scheme. Id. at pp. 3-4. Further, it claims that joinder is favored because it helps to prevent inconsistent verdicts and conserves judicial resources; Falcón-Nieves has not made a strong showing of prejudice warranting severance; and the court may limit any potential prejudice by giving specific limiting instructions. Id. at pp. 4-6.

## II.     DISCUSSION

First, in its Opinion and Order the court did not confuse Falcón-Nieves with her sister, Ivonne Falcón. The Opinion and Order correctly stated that Falcón-Nieves (and not Ivonne Falcón) was the one requesting severance (Docket No. 262 at p. 1), that Ivonne Falcón (not Falcón-Nieves), along with Anaudi Hernández, Sally López, Sonia Barreto, and others known and unknown, was charged in Count 1 (Conspiracy to Commit Federal Programs Funds and Wire Fraud), and that Sonia Barreto and Ivonne Falcón were both agents of the AAA. Id. at p. 3. In addition, inasmuch as the Indictment states that Falcón-Nieves did knowingly obstruct, delay and affect commerce by extortion, through fear of economic harm over Contractor A -- who performed

legitimate services for the AAA -- by utilizing her sister's position of power at the AAA to obtain property not due to her in violation of 18 U.S.C. Sections 2 and 1951, the Opinion and Order correctly stated that the Indictment links Falcón-Nieves to the AAA.  Id. at pp. 5-6.

Second, joinder is appropriate.  Rule 8(b) of Federal Criminal Procedure is to be construed broadly to allow liberal joinder in order to enhance judicial efficiency.  See, United States v. Joselyn, 99 F.3d 1182, 1188 (1st Cir. 1996)(holding that Rule 8(b) "may be generously construed in favor of joinder"); United States v. Stillo, 57 F.3d 553, 557 (7th Cir. 1995)("We have construed [Rule 8(b)] broadly to allow liberal joinder in order to enhance judicial efficiency.").  "The general rule is that those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources."  United States v. Soto-Beníquez, 356 F.3d 1, 29 (1st Cir. 2004); Zafiro v. United States, 506 U.S. 534, 540-541 (1993)("There is a preference in the federal system for joint trials of defendants who are indicted together.  Joint trials play a vital role in the criminal justice system.  They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." (internal citations and quotation marks omitted)).  While Falcón-Nieves is not charged in the conspiracy counts, the Indictment alleges that the crime charged against Falcón-Nieves in Count 17 is part of Ivette Falcón's and her co-conspirators' alleged schemes (Docket No. 3).  This is sufficient to satisfy the liberal joinder standard of Rule 8(b).  See, United States v. Houle, 237 F.3d 71, 75 (1st Cir. 2001) (holding that the fact that defendant was not charged as a RICO conspirator was "of no consequence" and joinder was appropriate where his offenses were part of a pattern of the scheme).

Third, severance is not warranted under Rule 14 of Federal Criminal Procedure[1] because Falcón-Nieves has failed to make a sufficient showing of unfair prejudice justifying severance. She has not persuaded the court that there is "a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539 ("When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."); see also, United States v. DeCologero, 530 F.3d 36, 55 (1st Cir. 2008)(finding that "disparity between the relative culpability of co-defendants does not entitle a defendant to severance"); United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990)(holding that there will always be some prejudice in any trial where two or more defendants are tried together, but "garden variety" prejudice does not suffice to warrant severance). Nor has she persuaded the court that limiting instructions would not effectively limit any potential prejudice. See, United States v. De La Paz-Rentas, 613 F.3d 18, 23-24 (1st Cir. 2010) (affirming the district court's denial of defendant's motion to sever where "[t]he district court not only instructed the jury generally that it had to consider the charges and evidence against each defendant separately, but also emphasized that Sanjurjo himself was not charged with conspiracy and that the jury therefore 'must carefully evaluate the evidence as to this defendant' -- partial safeguard against possible 'spillover'" (quoting, United States v. DeLeon, 187 F.3d 60, 64 (1st Cir. 1999)); see also, Zafiro, 506 U.S. at 540 (stating that "juries are presumed to follow their instructions").

---

[1] The Supreme Court has recognized that courts have broad discretion in deciding whether to grant a severance. See, Zafiro, 506 U.S. at 538-539 (holding, where defendants claims they had "mutually antagonistic defenses," that "Rule 14 does not require severance even if prejudice is shown; rather, it leaves tailoring of the relief to be granted, if any, to the district court's sound discretion").

USA v. Hernández-Pérez
Criminal No. 15-739 (PAD)
Memorandum and Order
Page 5

### III.   CONCLUSION

Having carefully considered Falcón-Nieves' arguments, the court believes that joinder is appropriate. Severance is not warranted. Any potential prejudice will be curbed by specific limiting instructions for jurors to consider the evidence separately as to each defendant on each count of the Indictment. Therefore, Falcón-Nieves' "Motion to Clarify and for Reconsideration" (Docket No. 268) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of June, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge